**400**

561 P.2d 321
In the Matter of the APPEAL IN PIMA COUNTY, Juvenile Action No. J–36723–1, Petitioner,

v.

The SUPERIOR COURT, IN AND FOR the COUNTY OF PIMA, and the Honorable John P. Collins, Judge thereof, Respondent,

and

The State of Arizona, Real Party In Interest.

No. 2 CA–CIV 2391.

Court of Appeals of Arizona, Division 2.

Dec. 23, 1976.

Rehearing Denied Jan. 31, 1977.

Review Denied Feb. 23, 1977.

John William Lovell, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty., by Barbara S. Gelband, Deputy County Atty., Tucson, for Real Party in Interest.

OPINION

HOWARD, Chief Judge.

In this special action the petitioner contends the juvenile court lacked the authority to order him to divulge the names and addresses of his alibi witnesses to the State.

It has been an informal practice in the juvenile court in Pima County to comply as much as possible with Rule 15.1 et seq., of the Rules of Criminal Procedure, 17 A.R.S., which controls discovery in criminal cases in the adult division of superior court. In the case at bench the State had turned over to petitioner all the police reports concerning the alleged acts of delinquency. When the State learned that petitioner was going to use the defense of alibi, it requested petitioner to furnish it with the names and addresses of his alibi witnesses. Upon petitioner's refusal, the State secured from the juvenile court an order compelling him to do so. Petitioner does not contend that the order is constitutionally infirm, nor could it do so in view of *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) which suggests the divulgence of a defendant's alibi witnesses when reciprocal discovery is provided to a defendant.

Petitioner's resistance to the discovery rests upon the lack of a juvenile court rule authorizing such disclosure. Rule 7, Rules of the Juvenile Court, 17A A.R.S., provides, in part:

"* * * The conduct of the hearing . . . shall proceed generally in a manner similar to the trial of a civil action . . . ."

Thus, while some clue is given as to the manner the hearing is to be conducted in a

delinquency proceeding, the juvenile court rules are silent as to pretrial proceedings. While we parenthetically would point out the need for the Arizona Supreme Court to promulgate rules of procedure in the juvenile court in order to fill the void which now exists, we do not believe that the juvenile court exceeded or abused its jurisdiction in this case.[1]

In the United States system of jurisprudence a trial is supposed to be a search for the truth. While in a game of chess one may slyly fianchetto his bishop and later uncover it for a surprise attack, the trial of a cause in our courts is not "un grand jeu" (a big game) to be won by the litigant most successful in the act of surprise. We have gone a long way in advancing the search for the truth by means of discovery in both civil and criminal cases. The juvenile court here was exercising its inherent power predicated on the requirements for the due administration of justice. *State ex rel. Polley v. Superior Court*, 81 Ariz. 127, 302 P.2d 263 (1956).

The relief prayed for is denied.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concurring.

NOTE: Jack G. Marks was called to sit and participate in the determination of this decision by order of the Chief Justice, Arizona Supreme Court.

---

1. Maricopa County has, by local rule, adopted rules governing disclosure in the Maricopa County Juvenile Court. See Rules 1.1–1.7, Local Rules of Procedure for the Maricopa County Juvenile Court.