659 P.2d 1326

**In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. S–828.**

**No. 2 CA–CIV 4147.**

Court of Appeals of Arizona, Division 2.

Dec. 29, 1982.

Review Denied March 1, 1983.

Kathleen C. Roberts, Tucson, for appellant natural mother.

Edith A. Croxen, Tucson, for appellant natural father.

Robert K. Corbin, Atty. Gen. by Joan R. Mendelson, Asst. Atty. Gen., Tucson, for appellee State.

William Langen, Tucson, for appellee minor child.

## OPINION

BIRDSALL, Judge.

The parents of the subject juvenile have brought this appeal to challenge the termination of their parental rights by the juvenile court.

The child, a son, was born in September 1969 and lived with his parents until February 1977 when he was removed and placed in a foster home. He has remained in a foster home since that time. The state alleged that the mother was unable to as-

sume parental responsibility because of mental illness and that the father was unable to assume parental responsibility because of alcohol abuse. After a protracted court hearing, the juvenile court found by clear and convincing evidence[1] that the parents were unable to assume parenting responsibilities and ordered severance.

▆▆▆▆ The appellant/father argues that it was error for the court to fail to appoint a guardian ad litem for him. We agree. Such an appointment is mandated by A.R.S. § 8–535(D) which reads:

"When the termination of the parent-child relationship is sought under § 8–533, subsection B, paragraph 3, the court shall appoint a guardian ad litem for the alleged incompetent parent. The court may, in any other case, appoint a guardian ad litem as may be deemed necessary for any party."

Paragraph 3 referred to states:

"That the parent is unable to discharge the parental responsibilities because of mental illness, mental deficiency *or a history of chronic abuse of dangerous drugs, controlled substances or alcohol* and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." (emphasis added)

That section was amended in 1979 to add that portion we have emphasized. The present § 8–535(D) was contained in the same legislative enactment. From this we conclude the legislature intended to require the appointment of a guardian ad litem for any parent alleged to be incompetent by reason of alcoholism as well as the other grounds of incompetency contained in paragraph 3. Termination proceedings must be conducted in strict compliance with the statutes involved. *Webb v. Charles,* 125 Ariz. 558, 611 P.2d 562 (App.1980). A guardian ad litem must be appointed when the ground for severance is incompetency.

*Appeal in Gila Cty. Juvenile Act,* No. J–3824, 130 Ariz. 530, 637 P.2d 740 (1981).

▆▆▆ The appellant/mother argues that the appointment of her attorney as her guardian ad litem was error. She claims that A.R.S. § 8–535(D) read in conjunction with A.R.S. § 8–225(B) gives her the right to have two individuals serve, one as counsel and the other as guardian ad litem. We do not agree. She claims it was a deprivation of her due process rights to have one person serve in the dual capacity, and that the appointment of the guardian ad litem was void. Therefore, she argues, she was not effectively appointed a guardian ad litem, and, under *Appeal in Gila Cty. Juvenile Act. No. J–3824, supra,* a reversal is necessary. We do not agree. All that is required is that someone be appointed who can act in the best interests of the incompetent. Rule 22, Rules of Procedure of Juvenile Court, 17A A.R.S., states:

"The court may appoint an attorney to serve as a guardian ad litem and as counsel to protect the interest of the child . . . In any proceeding where a parent appears to be mentally incompetent or under 21 years of age, the court may appoint a guardian ad litem to protect the interests of such parent."

If an attorney may be appointed to serve both as counsel and as guardian ad litem for a child under the rules, certainly the same is true when the appointment is for the parent. Counsel for appellant/mother has been unable to cite authority for the proposition that two individuals must be appointed. She cites *Dill v. Superior Court,* 60 Wash.2d 148, 372 P.2d 541 (1962), which cites *Flaherty v. Flaherty,* 50 Wash.2d 393, 312 P.2d 205 (1957), for the proposition that where a statute makes the appointment of a guardian ad litem mandatory, an attorney cannot fill that role. However, those cases stand only for the proposition that a formal appointment of the guardian ad litem is

---

1. The original findings of fact and conclusions of law made no reference to the standard of proof utilized by the juvenile court. Pursuant to order of this court, it was revested with jurisdiction in order to review the file and after such review, found that the clear and convincing standard as dictated by *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), was met.

necessary, and the mere fact that counsel is present will not suffice. Indeed, the language of *Flaherty, supra,* intimates that had counsel been appointed as guardian ad litem by the time of the hearing in question, no deficiency would have been found.

█ The same attorney who was appointed guardian ad litem for the mother was also appointed as attorney for the father. As we have discussed she was also appointed counsel for the mother. The mother now contends, and she also made this objection below, that there was a conflict between the mother and father, and therefore one attorney could not represent both. The record does not support this contention, and nothing before us on appeal shows any prejudice to the mother as a result of the dual representation.

█ The other contentions of the appellant/mother are without merit. We dispose of them summarily as follows:

1) The mother's appearances and participation constitute a waiver of her claim of insufficient service of process.

2) Since counsel was subsequently appointed it does not matter that the mother appeared without counsel at the first hearing. Nothing occurred except an order fixing the time for the next hearing.

3) The record shows many efforts to rehabilitate and reunite the members of this family, more than satisfying any requirement in *Arizona State Dept. of Economic Security v. Mahoney,* 24 Ariz.App. 534, 540 P.2d 153 (1975).

4) The court properly took judicial notice of another superior court file.

5) The record is replete with evidentiary support relating to the mental incompetence of the mother.

The severance order is set aside as to the father and remanded for proceedings consistent herewith; it is affirmed as to the mother.

HOWARD, C.J., and HATHAWAY, J., concur.