760 P.2d 1104

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE DEPENDENCY ACTION NO. 97247.**

**No. 2 CA–JV 88–0022.**

Court of Appeals of Arizona, Division 2, Department A.

Aug. 2, 1988.

Redesignated as Opinion and Publication Ordered Sept. 8, 1988.

Robert K. Corbin, Atty. Gen., Jacqueline D. Wohl, Sara S. Wisdom, Asst. Attys. Gen., Tucson, for Arizona Dept. of Economic Sec.

Bernadette A. Ruiz, Tucson, for minor.

**56**

Daniel J. Hochuli, Tucson, for natural mother.

Clinton L. Liechty, P.C. by Clinton L. Liechty, Tucson, for natural father.

## OPINION

PER CURIAM.

The Arizona Department of Economic Security appeals the juvenile court's order dismissing its dependency petition filed on November 20, 1987. Because we believe that the original petition contained facts which, if taken as true, would support a finding of dependency of the minor child, we reverse.

At the time the dependency petition was filed, the minor was 16 years of age. The petition alleged that the minor is dependent within the provisions of A.R.S. § 8–201(11)(a) and (b) in that she is in need of proper and effective care and control and has no parent or guardian willing to or capable of exercising such care and control, or that her home is unfit by reason of abuse, neglect, cruelty or depravity by either parent. Specifically, the petition alleged that the minor's father has been performing oral sex on her since she was 13 years old, and has been fondling and molesting her in other ways since that time. The last molestation incident occurred approximately one month before the petition was filed and, during that month, the minor attempted suicide by ingesting pills. Four days prior to the filing of the petition, the minor reported the molests to her high school counselor after the counselor became worried about the minor's behavior during class, which consisted of "curling up into a ball and sobbing." The minor also told her counselor that she had contemplated suicide.

When the minor was in the eighth grade, she twice attempted to tell her mother about the molests being perpetrated by her father. The mother confronted the father, who denied touching the minor inappropriately. The minor did not tell her mother about the molests again after that time. Since the report to the minor's high school counselor, the mother "has acted appropri-

ately." She believes her child and states that she will protect her. The mother has also initiated counseling for herself and for the minor. The minor's father was arrested on the date of the reporting and has been prohibited by order of the criminal court from contacting the minor.

Upon reporting, DES did not take the minor into temporary physical custody but, instead, allowed custody to remain with the mother. The petition acknowledges that the minor desires to be with her mother and, "[g]iven the minor's attempted suicide, her recent suicide statements, and her depression, the responsible caseworker was sufficiently concerned that the minor might harm herself if she were not permitted to return to her mother."

At the initial dependency hearing on January 6, 1988, the court was advised that the minor had been undergoing treatment since December 1987 at the Tucson Psychiatric Institute. Additionally, the juvenile court ordered that there be no contact whatsoever between the father and the minor.

The mother filed a motion to dismiss the dependency petition, arguing that it did not contain facts which show dependency. The state then filed a motion to amend the petition to delete the reference that the mother is acting appropriately and, instead, to allege: "The mother states that she will protect the minor but is unwilling to state that she believes the minor. The mother also reports that she is very supportive of her husband." The juvenile court heard argument on the mother's motion to dismiss, joined by the father. Counsel appointed to represent the minor concurred in the motion, stating that the minor desired that the petition be dismissed. The court also heard argument on the state's motion to amend and took both matters under advisement. In its minute entry, the court granted the motion to dismiss and ordered that the file be closed.

The state contends that the juvenile court abused its discretion in implicitly denying the motion to amend, and erred in dismissing the dependency petition.

## SUFFICIENCY OF INITIAL PETITION

The rules require that the petition contain facts which show the dependency of the minor. "It is this initial pleading which, in the very language of the rules, invokes the jurisdiction of the juvenile court." *Appeal in Pima County Juvenile Action No. J–46735*, 25 Ariz.App. 424, 425, 544 P.2d 248, 249 (1976). Thus, in the instant case, we must examine the original dependency petition to determine whether it stated "the essential facts" which show why the minor should be deemed to be dependent.

### A. *Parent Willing to or Capable of Exercising Care and Control*

 The state first contends that the minor is dependent because she has no parent or guardian capable of exercising proper and effective parental care and control within the meaning of A.R.S. § 8–201(11)(a). Although the juvenile court's minute entry order does not set forth the basis for the dismissal, it appears that the court was of the opinion that the petition failed to allege sufficiently that the mother was incapable of exercising effective parental care and control. The mother argues that the state may not base a dependency petition on the mother's failure to protect the minor because after twice unsuccessfully reporting the molests to her mother, the minor never reported again. "Effective parental care clearly implies prevention of sexual as well as other physical abuse." *Appeal in Pima County Juvenile Action No. J–77188*, 139 Ariz. 389, 392, 678 P.2d 970, 973 (App.1983). In filing a dependency petition, DES exercises the responsibility conferred upon the state to prevent dependency, abuse and exploitation of children. The petition alleges that the 16–year–old minor has been sexually abused by her father since she was 13, that she attempted suicide and, after reporting the molests to her high school counselor, that she stated she had contemplated suicide. When the minor twice attempted to tell her mother about the molests, the mother took no further action when the father denied such conduct. While the petition states that the mother has "acted appropriately since the child reported on November 16, 1987 ... believes her child and states she will protect her," we find that the allegation with respect to the mother's capacity or capability of exercising effective care and control are sufficient. The facts as alleged in the original petition could, if proved, form the basis for a finding of dependency. The fact that the mother is currently willing to support her daughter and protect her from contact with the perpetrator, only after intervention by a high school counselor and teacher, but did nothing when the daughter attempted to report the molests at least two years earlier, casts some doubt on her ability to parent effectively. The questions should be resolved in an evidentiary hearing on dependency.

### B. *Abuse*

The state alleges that the minor in this case is a dependent child within the meaning of A.R.S. § 8–201(11)(b) in that her home is unfit "by reason of abuse, neglect, cruelty or depravity" by either of her parents. The term "abuse" as defined in § 8–201(2) includes "the infliction of serious emotional damage as evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior and which emotional damage is diagnosed by a medical doctor or psychologist ... and shall include inflicting or allowing sexual abuse ... sexual conduct with a minor ... sexual assault ... molestation of a child...." Both the mother and the minor's counsel argue on appeal that the state may not allege dependency based upon a fear of future abuse. However, the state has an interest in the future well-being of minor children and, as we have stated, DES is responsible for preventing dependency and abuse of children. The facts alleged in the original petition indicate a minor who has suffered serious emotional damage as evidenced by the alleged suicide attempt, her classroom behavior, and her statements about suicide to a high school counselor. While that abuse was inflicted at the hands of her father, the molester, a reasonable juvenile court judge could conclude that the mother's failure to take further action on

the minor's two previous reports to her about the molests was a cause of the emotional abuse. The allegations, if believed, would support a finding, if it is made following an evidentiary hearing, that the child is dependent.

■ To the extent that the juvenile court's order was based on a conclusion that there were insufficient allegations within the provisions of A.R.S. § 8–201(11)(a) and (b), we hold that the court erred in dismissing the dependency petition. Additionally, because we find that the original petition set forth sufficient facts to invoke the jurisdiction of the juvenile court, the juvenile court must now rule on the state's motion to amend its petition. We agree with the appellee that the state would not have been entitled to amend its petition in order to cure any jurisdictional or pleading defect. However, because we have found the original petition to be sufficient to survive a motion to dismiss, the court must now consider the state's motion to amend as it would any other such motion.

The juvenile court's order dismissing the original dependency petition is vacated and the court is instructed to reinstate the matter and proceed in a manner consistent with this opinion.