v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Noel Fidel, a judge thereof, Respondent Judge,

The STATE of Arizona, acting Through its DEPARTMENT OF ECONOMIC SECURITY; C.S.; and The Children in Maricopa County Juvenile Action No. JD–6971, Real Parties in Interest.

No. 1 CA–SA 94–0020.

Court of Appeals of Arizona, Division 1, Department C.

March 31, 1994.

Review Denied June 1, 1994.

---

Friedl, Richter & Buri by Charles E. Buri, Phoenix, for petitioner.

Grant Woods, Atty. Gen. by Virginia L. Richter, Asst. Atty. Gen., Phoenix, for real parties in interest.

Davis & Lowe, P.C. by Virginia S. Matte, Phoenix, guardian ad litem for the children.

## OPINION

KLEINSCHMIDT, Judge.

The Petitioner in this special action is the father of children alleged to be dependent. The juvenile judge denied the Petitioner's request that the Department of Economic Security comply with the extensive pretrial discovery requirements of Rule 26.1 of the Arizona Rules of Civil Procedure before proceeding to hearing.[2] Although this issue is now moot because the dependency proceeding has begun, we accept jurisdiction because the issue presented is of general interest and importance to the juvenile court and because the issue is likely to recur. *Miceli v. Industrial Comm'n*, 135 Ariz. 71, 73, 659 P.2d 30, 32 (1983).

The Petitioner argues that Rule 26.1 applies because juvenile dependency proceedings are civil in nature. Juvenile proceedings, however, are governed by the Rules of Procedure for Juvenile Court. *Yavapai County, Juvenile Action No. 7707*, 25 Ariz.App. 397, 399, 543 P.2d 1154, 1156 (1975); Ariz.R.Proc.Juv.Ct. 1. Rule 16.1(b) of the Rules of Procedure for Juvenile Court provides:

**(b) Contested Dependency Adjudication Hearing.** The conduct of the contested dependency adjudication hearing shall be as informal as the requirements of due process and fairness permit and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury.

In some instances it may be appropriate to resort to the civil rules where the juvenile rules are silent and where the civil rules are readily adaptable and necessary to the dependency proceedings. The juvenile rules, however, are not silent on the subject of discovery. Juvenile Rule 16.1(f) allows the court, prior to a dependency hearing, to make the Department of Economic Security's written investigative reports available to all parties and their counsel and requires the reports to be made available to all parties prior to the hearing if they are introduced as evidence.

Nothing suggests that Rule 26.1 was adopted with juvenile court proceedings in mind. The direction in juvenile Rule 16.1(b) that a dependency case should proceed *generally* in the manner of a civil action suggests that there are exceptions to the application of the Rules of Civil Procedure to juvenile cases. Some of the provisions of Rule 26.1, such as the disclosure of computation of damages, clearly have no application in a dependency proceeding. So too, the time limits set out in Rule 26.1 are triggered by the filing of a responsive pleading, an event which is not called for in a dependency proceeding. Some of the matters required to be disclosed by Rule 26.1, such as the factual basis for the claim and the legal theory upon which it is based, are already disclosed in a petition for dependency. *See* Ariz.R.Proc.Juv.Ct. 4.

---

**2.** Rule 26.1, Arizona Rules of Civil Procedure, sets time limits for each party in a civil case to disclose the nature of the claim or defense, the legal theory upon which such claims or defenses are based, the names and addresses and phone numbers of all witnesses and the expected testimony of each witness, all persons having knowledge relevant to the case, all persons who have given statements about the case, all experts who are expected to testify and the expected testimony of each expert, and a computation and measure of alleged damages. It also requires a description of tangible documents and where such documents can be found. The rule requires that initial disclosure be made within forty days after the filing of a responsive pleading and it also imposes a duty of continuing disclosure on the parties.

Rule 26.1 of the Rules of Civil Procedure was adopted because discovery abuses in civil cases caused undue expense and delay and threatened to make the courts inaccessible to the average citizen. *See* Court Comment to Ariz.R.Civ.Proc. 26.1. As the juvenile judge observed, these problems do not commonly arise in dependency proceedings where discovery and motion practice are generally quite limited and where, by law, matters proceed with dispatch. *See* Ariz.R.Proc.Juv. Ct. 17 (adjudication of contested dependency action must be completed within 120 days).

We do not hold that in every dependency case discovery is limited to the Department of Economic Security's investigative reports, because we believe that the juvenile court has the inherent power, on a case-by-case basis, to order such discovery as it deems necessary. In this case, however, other than an insistence on the blanket application of civil Rule 26.1, the Petitioner did not suggest any specific discovery necessary for the presentation of his case.

Relief is denied because Rule 26.1 does not apply, and because the Petitioner has not alleged that the juvenile judge abused his discretion in denying specific discovery.

LANKFORD, P.J., and GARBARINO, J., concur.