975 P.2d 146

**DON L., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY and Miji L., Appellees.**

**No. 2 CA–JV 98–0011.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 29, 1998.

Redesignated as Opinion and Publication Ordered March 9, 1999.

León Law Office, P.C. By Julia L. León, Tucson, Attorney for Appellant.

Grant Woods, Arizona Attorney General By Sara S. Wisdom, Tucson, Attorneys for Appellee Arizona Department of Economic Security.

Ann Nicholson Haralambie, Attorneys, P.C. By Ann Nicholson Haralambie, Tucson, Attorneys for Appellee Miji L.

## OPINION

BRAMMER, Presiding Judge.

¶ 1   The father appeals from the juvenile court's order denying his motion to set aside its order of July 23, 1997, severing his parental rights to Miji. See *Hanen v. Willis,* 8 Ariz.App. 175, 444 P.2d 732 (1968). Although we agree with the father that the court erred in terminating his rights, we do so not for the reasons he asserts but because we find the court lacked the authority to enter a default against him.[1]

¶ 2   The Arizona Department of Economic Security (DES) filed a severance petition in December 1996, seeking to terminate the mother's and father's parental rights on grounds of neglect and nine- and eighteen-month periods of out-of-home placement. A.R.S. §§ 8–533(B)(2), 8–533(B)(7)(a) and (b). The child had been removed from the home in May 1994 amid accusations, subsequently withdrawn, that she had been sexually abused. She was diagnosed as suffering from failure to thrive and was adjudicated dependent in June 1994. The severance hearing was set for March 11, 1997, the father and mother appeared, and the court granted their requests to appoint counsel, continuing the hearing to April 8. The court

---

1.  Whether the court had jurisdiction to enter the order from which this appeal has been taken is a matter we may address, although neither of the parties has raised it.  See *Bates & Springer of* *Arizona, Inc. v. Friermood,* 109 Ariz. 203, 507 P.2d 668 (1973) (matters of jurisdiction can be raised for the first time on appeal and sua sponte by this court).

warned the parents that, if they failed to appear at the hearing, default judgments could be entered against them. The father and mother appeared at the April 8 hearing and denied the allegations of the petition. The court admonished them to attend all future hearings and again warned that their failure to appear could result in the entry of default judgments. The court then set a status hearing for July 23 and contested severance hearings for August 15 and 18.

¶ 3 The mother, the father, and the father's counsel did not appear at the July 23 status hearing. Counsel for the mother told the court the father's attorney had notified her that she was unable to attend and had asked that the mother's counsel appear, not only on behalf of the mother, but also on behalf of the father to "confirm the trial date." The court "defaulted" the parents for failing to appear, finding that they had thereby admitted the allegations of the petition. DES then presented evidence in support of the allegations in the petition. The court admitted the social summary into evidence. In addition, DES presented testimony in support of the allegation that severance was in Miji's best interests. The court found that DES had established all grounds for severance alleged in the petition by clear and convincing evidence, and vacated the August 15 and 18 hearing dates. One week later, DES lodged a form of judgment containing findings of fact and conclusions of law to which neither parent objected, including the severance of both the mother's and father's parental rights respecting Miji. The court signed the judgment on August 13.

¶ 4 On October 7, the father filed a "Motion For Relief From Final Judgement." In the motion, and at the evidentiary hearings on that motion, he claimed he had been confused and did not know he was required to appear on July 23rd. The juvenile court denied the motion, finding that the default was not the result of excusable negligence, that the motion had not been filed timely, and that the father had not shown that a

meritorious defense existed. This appeal followed.[2]

¶ 5 Article VI, § 15, of the Arizona Constitution provides that "[t]he jurisdiction and authority of the courts of this state in all proceedings and matters affecting juveniles shall be as provided by the legislature or the people by initiative or referendum." The legislature has given the juvenile court exclusive jurisdiction of all proceedings involving the termination of parental rights. A.R.S. §§ 8–202(B), 8–532(A). Severance proceedings must be conducted in strict compliance with the applicable statutes. *Pima County, Juvenile Action No. S–828*, 135 Ariz. 181, 659 P.2d 1326 (App.1982).

¶ 6 We find nothing, and the appellees have not cited anything, in the applicable statutes or in the Rules of Procedure for the Juvenile Court which allows the juvenile court to sever parental rights by "default" solely because the parent fails to attend a status hearing. Indeed, we believe the statute suggests otherwise. Section 8–535, A.R.S., provides that a parent may waive the right to "Notice and Appearance" regarding a severance hearing by doing so "before the court or in writing attested to by two or more credible witnesses who are eighteen or more years of age . . . ." A parent executing "such a waiver shall not be required to appear." Id. But see Ariz. R.S.Ct. 91(f)(11), 17A A.R.S. (juvenile court commissioners are authorized to preside over default proceedings, thereby contemplating that such proceedings can take place). Even if the juvenile court may construe as a waiver of the right to do so a parent's failure to appear after having been advised of the requirement that he or she attend, nothing in the statute suggests that the court may then proceed as if by default. The statute implicitly requires that the severance hearing be conducted in the parent's absence. We note, too, that Rule 16.2(j), Ariz. R.P. Juv. Ct., 17B A.R.S. (numbered as Rule 16.1(c) at the time of these proceedings), authorizes the juvenile court to deem the allegations of a dependency petition admitted and to proceed with a

---

**2.** The mother's rights were also severed after she failed to appear and her default was entered. Although she, too, filed a motion to set aside the judgment, she has not appealed from the court's denial of that motion.

hearing in absentia when a parent fails to attend an initial dependency hearing or a contested dependency adjudication hearing. Had the supreme court intended such a procedure to apply in a severance proceeding, it could have so provided but did not. There was no basis upon which the juvenile court could 1) enter a default against the father because he did not attend a status hearing; 2) proceed at that time with a default hearing albeit one in which some evidence of the grounds for severance was presented; and 3) sever the father's rights, vacating the August severance hearing dates.

■ ¶ 7   That the Arizona Rules of Civil Procedure or the Uniform Rules of Practice of the Superior Court permit a trial court to strike a party's pleadings and enter a default under certain circumstances is of no moment.[3]  See Ariz. R. Civ. P. 16(f), 16 A.R.S. (enumerating sanctions for failing to attend or have counsel attend pretrial conference); Ariz. R. Civ. P. 37(b)(2)(C) (sanctions for discovery violations); Ariz. Unif. R.P.Super. Ct. VI(d), 17B A.R.S. (penalties for failure to prepare pretrial statement or attend mandatory settlement conference). These rules generally do not apply in juvenile proceedings.  See *Arizona Dep't of Econ. Sec. v. Superior Court*, 178 Ariz. 236, 240, 871 P.2d 1172, 1176 (App.1994) ("[a]lthough dependency hearings are to be conducted 'in a manner similar to the trial of a civil action before the court sitting without a jury,' R.P.Juv.Ct. 16.1(b)," the rules of civil procedure may not be controlling); see also *S.S. v. Superior Court*, 178 Ariz. 423, 874 P.2d 980 (App.1994). We acknowledge that the lack of express authority does not necessarily preclude the juvenile court from entering orders that may be " 'essential to the due administration of justice.' " *Arizona Dep't of Econ. Sec.*, 178 Ariz. at 240, 871 P.2d at 1176, quoting *Polley v. Superior Court*, 81 Ariz. 127, 130, 302 P.2d 263, 265 (1956). The court may not do so, however, in contravention of a parent's right to strict compliance with the statutes pertaining to severance of parental rights, rights

that are unequivocally fundamental.  *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Maricopa County Juvenile Action No. JS–500274*, 167 Ariz. 1, 804 P.2d 730 (1990); *Pima County, Juvenile Action No. J–46735 v. Howard*, 112 Ariz. 170, 540 P.2d 642 (1975). The grounds for severance must be established in accordance with the statute. Moreover, we agree with the Washington Supreme Court that the child's best interests are paramount and, for that reason, that the juvenile court should not treat child custody "as a penalty or reward for [a parent's] conduct." *Annest v. Annest*, 49 Wash.2d 62, 298 P.2d 483, 484 (1956).

¶ 8   We conclude that, because neither a statute nor a rule authorized the juvenile court to enter a default against the father for failing to appear at a status hearing, the court erred as a matter of law in severing his rights. See *Nickerson v. Department of Children and Families*, 718 So.2d 373 (Fla. App.1998); *In Interest of A.L.*, 711 So.2d 600 (Fla.App.1998). The juvenile court's order denying the father's motion to set aside the severance order is reversed; the severance order is vacated, and this matter is remanded for further proceedings.

PHILIP G. ESPINOSA, Judge and JOSEPH W. HOWARD, Judge, concur.

---

3.   We note that Rule XIV, Local R. of Proc. Pima County Juv. Ct., 17B A.R.S., allows the court to set a pre-trial conference in dependency proceedings, pursuant to Rule 16, Ariz. R.Crim. P., 16 A.R.S. The rule does not apply to severance proceedings, therefore Rule 16(f), which permits the court to enter a default if "no appearance is made on behalf of a party," is also inapplicable. In any event, counsel did appear on behalf of the father, albeit the mother's counsel.