NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JESSICA M., *Appellant*

*v.*

DEPARTMENT OF CHILD SAFETY, S.L., B.L., *Appellees*.

No. 1 CA-JV 15-0027
FILED 8-6-2015

Appeal from the Superior Court in Maricopa County
No.  JD 24231
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Gates Law Firm, L.L.C., Phoenix
By S. Marie Gates
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Lawrence F. Winthrop joined.

---

**D O W N I E**, Judge:

**¶1**        Jessica M. ("Mother") appeals an order terminating her parental rights to sons S.L. and B.L. (collectively, "the children").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**        In June 2013, Mother left the children in Arizona with their aunt and went to Texas.  The children's adult sister, A.R., later assumed their care.[2]

**¶3**        A guardian ad litem ("GAL") who had been appointed for the children in a guardianship proceeding filed a dependency petition in August 2013.  The petition listed Mother's whereabouts as unknown, with a last known address of Waco, Texas.  Department of Child Safety ("DCS") served Mother by publication and submitted an "Affidavit of Diligent Search and Unknown Residence" describing efforts to ascertain Mother's whereabouts.

**¶4**        At a November 14, 2013 hearing, the superior court found the children dependent.  On December 5, 2013, DCS filed a motion to vacate the dependency finding because "[t]he Department was recently made aware of the Mother's current address and needs additional time to serve her with the Dependency action."  The court granted the motion.

**¶5**        In January 2014, DCS moved to terminate Mother's parental rights on the grounds of abandonment. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(1).  DCS served Mother by publication.  Additionally, a process server tried unsuccessfully to serve Mother at two different addresses.

---

[1]        On appeal, "[w]e view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010).

[2]        The children's father is deceased.

¶6            On March 28, 2014, Mother filed an affidavit to determine eligibility for a court-appointed attorney. The court found Mother indigent and appointed counsel to represent her. At a scheduled hearing Mother attended that same day, the court found that "[s]ervice is accepted and defects are waived by counsel for the mother regarding the dependency petition and severance motion." Mother advised that she wished to challenge the dependency petition and severance motion.

¶7            DCS filed an amended severance motion that again alleged abandonment and added two additional statutory grounds: out-of-home placement for nine months or longer, *see* A.R.S. § 8-533(B)(8)(a), and inability to discharge parental responsibilities due to a history of chronic substance abuse, *see* A.R.S. § 8-533(B)(3). The superior court held a consolidated severance and dependency trial over two days. In a ruling filed January 23, 2015, the court ruled that DCS had proven all of the alleged grounds for termination by clear and convincing evidence and also found that termination was in the children's best interests. Mother timely appealed.

## DISCUSSION

¶8            Mother does not challenge the statutory grounds for termination or the best interest determination. Instead, she argues: (1) she should have received court-appointed counsel earlier in the proceedings; (2) the superior court made no dependency finding; and (3) the "[u]nderlying dependency [is] based on erroneous information."

## I.    Appointment of Counsel

¶9            In dependency and severance proceedings, the superior court is required to appoint counsel for parents who are found to be indigent and who are entitled to counsel. A.R.S. § 8-221(B). Shortly after the dependency proceedings commenced, the court here entered an order that included the following language under the caption "**NOTICE TO PARENTS**":

> You are advised that you and the child(ren) are entitled to have an attorney present at the hearing and that, if you cannot afford an attorney and want to be represented by an attorney, one will be provided. A.R.S. § 8-841(D)4.

The order advised that counsel would be appointed for Mother "pending the decision of the Court at the hearing. (*The determination of appointment of counsel may require the completion of a financial affidavit.*)."

**¶10**　　　　Until Mother appeared in the proceedings and completed a financial affidavit, the superior court could not determine whether she desired an attorney or whether she qualified for court-appointed counsel. *See* Ariz. R.P. Juv. Ct. 38(B) (court shall determine indigence by ordering party "to provide proof of financial resources by filing a financial questionnaire provided by the court"). The same day Mother submitted her financial information, the court appointed counsel. Mother was present and represented by counsel from that point forward, including at the severance/dependency trial. She never argued in the superior court that anything more was required. *See Cullum v. Cullum,* 215 Ariz. 352, 355 n.5, ¶ 14, 160 P.3d 231, 234 n.5 (App. 2007) (As a general rule, a party cannot argue on appeal legal issues not raised below.).

**¶11**　　　　On this record, the superior court did not err by waiting to appoint counsel for Mother until she appeared in the case and established her entitlement to appointed counsel.

## II.　　Dependency Finding

**¶12**　　　　The minute entry from the first day of the dependency/severance trial states: "THE COURT FINDS that the children continue to be dependent according to the statutes." An order issued after the hearing's conclusion states: "The Court also makes the following findings by clear and convincing evidence: . . . 6. The children were found dependent as to Mother."

**¶13**　　　　The court's finding that the children "*continue* to be dependent" (emphasis added) is admittedly not entirely accurate, as the earlier dependency finding had been vacated at DCS's request. The court itself apparently recognized this fact at the outset of the trial, stating, "There's a dependency petition which has not been established as to Mother as of yet."

**¶14**　　　　Mother, however, has not challenged the court's findings and conclusions regarding the severance order, which essentially render moot any deficiencies in the dependency finding. *See Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 515, ¶ 10, 1 P.3d 155, 158 (App. 2000) (allegedly deficient order from permanency hearing essentially moot due to order terminating parental rights). This is particularly true given the substantially higher standard of proof required for a severance order. *Compare* A.R.S. § 8-537(B) (parental rights may be severed only upon proof by clear and convincing evidence) *with* A.R.S. § 8-844(C)(1) (dependency finding requires proof by a preponderance of the evidence).

**¶15** Mother's due process arguments are also unavailing. She received a full and fair opportunity to litigate the dependency issue. At the beginning of each day of trial, the court advised that it was considering both the dependency petition and the severance motion. Mother was not restricted in her ability to present evidence regarding each matter.

**¶16** Even if the issue is not moot, the record amply supports a dependency finding. *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17, 83 P.3d 43, 50 (App. 2004) (if juvenile court fails to expressly make a necessary finding, appellate court may examine record to determine whether it supports the implicit finding). A dependent child is one who is in need of proper and effective parental care and control and who has no parent or guardian willing or capable of exercising such care and control. A.R.S. § 8-201(14)(a)(i). By Mother's own admission, she dropped the children off at her sister's home and left the state for two or three months. A.R. eventually assumed the children's care and unsuccessfully attempted to contact Mother several times via telephone and through mutual relations. After Mother contacted DCS in September 2013, she took one drug test, which was positive for methamphetamine, and participated in one visit, though others were scheduled. Except for one Facebook message to A.R., Mother did not maintain contact with the children or provide support. She admitted abusing drugs for at least nine years and again tested positive for methamphetamine in March 2014. Under these circumstances, ample evidence established that the children were dependent.

## III. Service of Process

**¶17** Finally, Mother argues the "[u]nderlying dependency [is] based on erroneous information." Specifically, she claims DCS and the GAL knew of possible addresses for her but served her by publication instead of attempting personal service.

**¶18** Mother has waived these arguments. She did not assert them in superior court. *See Snow v. Steele*, 121 Ariz. 82, 85, 588 P.2d 824, 827 (1978) (sufficiency of service must be raised in timely manner or it is deemed waived); *Pima Cnty. Juv. Action No. S-828*, 135 Ariz. 181, 184, 659 P.2d 1326, 1329 (App. 1982) ("[A]ppearances and participation [in termination proceedings] constitute a waiver of [the parent's] claim of insufficient service of process."). Moreover, at the March 28, 2014 hearing that Mother attended, her counsel accepted service and waived all defects regarding both the dependency petition and the severance motion.

## CONCLUSION

¶19 We affirm the judgment of the superior court.



**Ruth A. Willingham** · Clerk of the Court
FILED: RT