NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNIFER R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY,
A.R., E.R., *Appellee*s.

No. 1 CA-JV 17-0524
FILED 5-17-2018

Appeal from the Superior Court in Maricopa County
No.  JD 34358
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

---

**C A M P B E L L**, Judge:

¶1      Jennifer R. ("Mother") appeals the juvenile court's denial of her Rule 59 motion, arguing the court erred by finding her children would be placed at a substantial risk of harm if returned to her care. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2      Mother has three children: A.A. ("Daughter") and A.R. and E.R. (together, "Sons"). The Department of Child Services ("DCS") took all three children into temporary physical custody in May 2017. DCS filed a dependency petition alleging Mother was using illegal substances, had physically abused at least Daughter, and had exposed the children to acts of domestic violence. In August 2017, the juvenile court determined all three children dependent. Mother filed a Rule 59 motion requesting the return of Sons to her custody (although she did not request the return of Daughter). The court denied her Rule 59 motion after an evidentiary hearing in October 2017.

### DISCUSSION

¶3      Because the primary consideration in dependency cases is the best interests of the children, juvenile courts have substantial discretion in placing dependent children. *Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, 404, ¶ 8 (App. 2008). We review the juvenile court's exercise of that discretion in placing dependent children for an abuse thereof. *Id.* We will not reweigh evidence on appeal, but rather defer to the juvenile court's determinations of credibility and resolutions of conflicting evidence. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002). We will affirm the juvenile court's order if its findings are supported by reasonable evidence. *Id.*

¶4      Arizona Revised Statutes ("A.R.S") section 8-861 provides, in relevant part:

> After the temporary custody hearing, on request of a parent or guardian the court shall order that the child be returned to the child's parent or guardian if the court finds by a preponderance of the evidence that the return of the child would not create a substantial risk of harm to the child's physical, mental or emotional health or safety.

*See also* Ariz. R.P. Juv. Ct. 59(A). Mother contends the record does not support the trial court's finding that returning the children to Mother would create a substantial risk of harm to their physical, mental, or emotional health. We disagree.

¶5        At the evidentiary hearing, the court received evidence that Mother had physically abused both Daughter and one of her Sons. Daughter reported that, in May 2017, Mother had come into her room at 3:00 a.m. looking for a phone, and Mother had become angry and punched, kicked, and choked Daughter. Daughter had bruises on her face and reported soreness. Daughter, now a teenager, reported that such physical abuse as well as verbal and emotional abuse has been occurring since she was two years old. One of the Sons also told family members he is unhappy at home and is not allowed to discuss what happens at home. DCS reported that Mother has a history of substance abuse, and that the children have repeatedly witnessed acts of domestic violence between Mother and one of the Son's fathers. Mother was also incarcerated for two years after pleading guilty to a charge of aggravated assault in 2011, due to an incident in which Mother fired a rifle but missed her intended target while one of her Sons was in a neighboring apartment. The DCS case manager testified that, due to Mother's history of abuse and violence, DCS recommended the completion of parent aide, individual counseling, and psychological evaluation services in their entirety prior to reunification.

¶6        As Mother points out, the court heard testimony from a parent aide who was supervising twice-weekly, in-home visits between Mother and her Sons for the previous three months. The parent aide testified that Mother interacted well with the children and he had no concerns regarding either her parenting ability or having unsupervised contact, although Mother had not yet had any unsupervised visits. The parent aide also testified that he had encountered challenges with Mother in working on her behavioral objectives—specifically, that Mother became defensive when talking about domestic violence, that she was unwilling to acknowledge allegations of domestic violence, and that she was reluctant to engage on the topic—but that he did not believe domestic violence was an ongoing concern for Mother. Mother also points to the testimony of the

family therapist with whom she had been undergoing both individual counseling and therapeutic visits with her Sons. The therapist testified that the primary focus with Mother was anger management, and that he did not believe Mother was currently a danger to herself or her children. The therapist also testified Mother had only admitted to one instance of domestic violence against Daughter and claimed Daughter had been the first aggressor.

¶7         The court, however, pointed out limitations in the testimony of the parent aide and the therapist: the parent aide "ha[dn't] really addressed domestic violence in any meaningful way" and had noted Mother's "impulsivity issues," while the therapist's knowledge base appeared to be "awfully limited" and he "didn't have any sense of the depth or the seriousness of the allegations here. His understanding was based on one self-report of one incident." Further, the court did not find credible Mother's claim that her incarceration for aggravated assault was due to an incident of self-defense. The court found Mother had "impulse control issues and anger issues" that had not yet been addressed, and found that Mother appeared to be "in denial about these issues." The court also noted the therapist's testimony that Mother would "need to admit certain issues before [she] can really address them in therapy."

¶8         The court recognized Mother had made progress and had a path forward for continued progress, but the children's "best interests are paramount" and the court "should not treat child custody as a penalty or reward for [a parent's] conduct." *Don L. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 556, 559, ¶ 7 (App. 1998). We defer to the juvenile court's credibility determinations and resolutions of conflicting evidence, and the record contains reasonable evidence supporting the court's order. Therefore, we affirm the juvenile court's denial of Mother's Rule 59 motion.

**CONCLUSION**

¶9         For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA