711 So.2d 600 (1998)
In the Interest of A.L., N.L., V.L., and J.D., children.
C.D., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 96-02815.
District Court of Appeal of Florida, Second District.
May 6, 1998.
William W. Hanlon, Tampa, for Appellant.
No appearance for Appellee.
PARKER, Chief Judge.
C.D. appeals the trial court's order terminating her parental rights to her child, J.D., born January 7, 1982.[1] C.D. argues that the trial court abused its discretion by denying her motion to vacate the default judgment entered against her as a result of her failure to appear at the December 7, 1995, adjudicatory hearing. We agree and reverse. Because of the reversal, we need not address C.D.'s second issue on appeal.
In 1995, the State of Florida, Department of Health and Rehabilitative Services (HRS) filed a petition for termination of parental *601 rights against C.D. seeking to terminate her parental rights to J.D. and her three other children. The trial court scheduled an adjudicatory hearing on this matter. C.D. failed to appear for the hearing and the trial court entered a default judgment against her. C.D. then filed a motion to set aside the default judgment, which was denied by the trial court after a hearing.[2]
The issue here is not whether C.D.'s excuse for not appearing at the adjudicatory hearing was sufficient to set aside the default judgment, but whether the default judgment was entered properly in the first place. Termination of parental rights cases are governed by the Florida Rules of Juvenile Procedure, not the Florida Rules of Civil Procedure. See Committee Notes to Fla. R. Juv. P. 8.000 (1995) ("Reference to the civil rules, previously found in rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self contained and no longer need to reference the Florida Rules of Civil Procedure"). Thus, the trial court's use of Florida Rule of Civil Procedure 1.500 to enter a default judgment was error. Moreover, the Florida Rules of Juvenile Procedure do not contain a parallel rule regarding default judgments. The only rule that addresses the situation where a parent fails to appear for a hearing in a termination of parental rights case is Florida Rule of Juvenile Procedure 8.505 (1995). However, that rule only relates to the advisory hearing, not the adjudicatory hearing.[3]
Therefore, the default judgment, entered upon C.D.'s failure to appear at the adjudicatory hearing, constituted a clear abuse of discretion. There was no statutory or procedural authority for such a default judgment. See M.M. v. State, 708 So.2d 990(Fla. 2d DCA 1998) ("Although the statutes and rules suggest that a default may be appropriate when a properly served parent fails to attend an advisory hearing, no statute or rule authorizes a trial court to default a represented parent who is late to the adjudicatory hearing." (emphasis supplied)).
It should be noted that the trial court could have proceeded with the hearing in the parent's absence by conducting a full evidentiary hearing. Because the service of process was effectuated properly in this case, C.D.'s failure to appear at the hearing could have been considered a waiver of the right to be present, in person, at the adjudicatory hearing. While Florida Rule of Juvenile Procedure 8.525(c) states that all parties have the right to be present at the adjudicatory hearing, that right may be waived.
Thus, in light of C.D.'s failure to appear, the trial court had two choices: (1) to proceed with the hearing by accepting testimony and evidence from those present, as well as argument of counsel,[4] or (2) to continue the hearing. Instead, the trial court allowed HRS to proffer its case concerning the contested issue of termination without requiring any testimony or evidence concerning those matters proffered. The trial court then merely accepted HRS's proffered statement of the facts as being true and terminated C.D.'s parental rights.
The procedure utilized by the trial court below amounts to a clear abuse of discretion. See M.M., 708 So.2d at 990. Accordingly, we reverse the trial court's order denying C.D.'s motion to vacate the default judgment and remand this case for an adjudicatory hearing.
Reversed and remanded.
WHATLEY and GREEN, JJ., concur.
NOTES
[1] The order of termination of parental rights and permanent commitment also terminated C.D.'s parental rights over her children A.L., N.L., and V.L. However, C.D. subsequently executed acknowledgments of surrender as to A.L., N.L., and V.L., and has waived her right to appeal the amended order as it pertains to those children.
[2] At the hearing on the motion to set aide the default judgment, C.D. testified that on the day of the adjudicatory hearing, she was confined to her home due to a high fever, vomiting, and shakes. She testified that she did not own a telephone and was physically unable to walk the several blocks necessary to borrow a phone so that she could notify the court of her dilemma.
[3] The termination of parental rights process involves three successive hearings: the first hearing is the advisory hearing, see Fla. R. Juv. P. 8.510; the second hearing is the adjudicatory hearing, see Fla. R. Juv. P. 8.525; and the third hearing is the disposition hearing, see Fla. R. Juv. P. 8.530.
[4] It should be noted that C.D.'s attorney, who was present at the adjudicatory hearing, requested the trial court to allow him to present argument.