718 So.2d 373 (1998)
Flave NICKERSON, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, f/k/a Department of Health and Rehabilitative Services, Appellee.
No. 97-298.
District Court of Appeal of Florida, Third District.
October 7, 1998.
Marlene Valdes, Miami, for appellant.
Robin H. Greene, Miami, for appellee.
Before GERSTEN, FLETCHER and SORONDO, JJ.
SORONDO, Judge.
Flave Nickerson appeals the lower court's final order denying his Motion to Set Aside Default.
On July 29, 1996, the lower court orally entered an adjudicatory order of dependency against Nickerson for failure to appear at a pre-trial conference scheduled for that date. As a result, Nickerson's step-children, K.M., C.J., and M.J., were adjudicated dependent as to him pursuant to Department of Children and Families' Second Amended Dependent Petition.
The detention hearing which resulted in the removal of the three children from the custody of Nickerson and their mother was held on February 27, 1996. At this hearing, individual counsel was appointed for Nickerson and the mother, and the arraignment was set for April 2, 1996.
Several hearings were held after the arraignment. One of those hearings took place on June 11th. Nickerson attended the June 11th hearing and was served with notice to attend the next pre-trial hearing set for July 29, 1996. Nickerson did not appear at the July 29th hearing. Based on his failure to appear, the trial court orally adjudicated the children dependent.
Prior to the entry of the adjudicatory order of dependency, Nickerson filed a motion to set aside the court's order. The motion was heard by the court on August 30, 1996. Both Nickerson and his counsel were present. At the hearing, Nickerson's counsel informed the court that Nickerson's failure to attend the calendar call was because his wife, the mother of the three children, had removed all of the paperwork Nickerson had *374 concerning the case, including the papers of service for the July 29th hearing, from the marital home. The trial court denied the motion, finding no excusable neglect and the lack of a meritorious defense. This appeal followed.
Nickerson argues that the trial court had no statutory authority to enter an adjudication of dependency. He argues that section 39.405(15), Florida Statutes (1995), does not provide for a "consent adjudication" in this case and that there is no provision for default judgments in dependency proceedings. We agree and reverse.
We begin by noting that through November 5, 1992, Florida Rule of Juvenile Procedure 8.200, which dealt with the rules governing dependency and termination of parental rights proceedings, said, inter alia, "Where these rules are silent, the parties are to refer to the Florida Rules of Civil Procedure." Because the rules governing dependency and termination of parental rights proceedings were silent on the issue of default, it could be argued that Florida Rule of Civil Procedure 1.500, providing for defaults in civil proceedings, applied to these proceedings as well. In November 1992, however, the Supreme Court of Florida amended these rules and specifically eliminated any reference to the Florida Rules of Civil Procedure. In re Amendments to the Florida Rules of Juvenile Procedure, 608 So.2d 478 (Fla.1992). Former Rule 8.200 was replaced by Rule 8.000. The committee notes to the new rule say:
Reference to the civil rules, previously found in Rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure.
When the Supreme Court eliminated reference to the civil rules, it was undoubtedly aware that the rules governing dependency and termination of parental rights proceedings did not provide for defaults. As it chose not to amend these rules to provide for same, it seems clear that the Court has chosen not to provide for defaults in this area. We note further that the legislature has seen fit to provide for defaults in this area only for failure to appear at the arraignment.[1] In the absence of any statute or rule allowing for the entry of defaults in these types of proceedings, we conclude that the trial court had no authority to enter a default judgment against Nickerson in this case. See In re M.M., 708 So.2d 990 (Fla. 2d DCA 1998); see also In re A.L., 711 So.2d 600 (Fla. 2d DCA 1998).
For the reasons set forth above, we reverse the adjudication of dependency entered by the trial court and remand for further proceedings.
FLETCHER, J., concurs.
GERSTEN, Judge (dissenting).
I respectfully dissent. In my view, the following question should be certified to the Supreme Court of Florida:
Does a trial court have the inherent authority to enter a default judgment in dependency proceedings where a parent fails to appear at the adjudicatory hearing?
NOTES
[1] Section 39.405(15), Florida Statutes (1995), provides that the "[f]ailure of a person served with notice to respond or appear at the arraignment hearing constitutes the person's consent to a dependency adjudication." (Emphasis added). The hearing in this case was not an arraignment.