PER CURIAM.
The mother of three children appeals a judgment that terminated her parental rights. She argues that the judgment must be reversed because the order of termination was based on her failure to appear at the adjudicatory hearing. She also asserts that, to the extent that the trial court based the order of termination on the evidence presented, the order must be reversed because the evidence was insufficient to support the trial court’s findings. We agree with both of these contentions and reverse. Our resolution of these two issues makes it unnecessary for us to discuss the other two points raised on appeal.
When the mother failed to appear for the adjudicatory hearing, the trial court made an oral finding that the mother had consented to the petition. Although the trial court stated that it was entering a default, the court asked the Department if it wished to “put on a summary case.” Because the Department had no witnesses present, a supervisor was called to present testimony by telephone based solely on the contents of the Department’s records. The trial court’s written order of termination was based primarily on a finding that the mother had abandoned the children, although the court noted that it found the mother’s failure to appear “compelling.”
A trial court is not authorized to enter a default judgment against a parent who fails to appear at an adjudicatory hearing on a petition to terminate parental rights. See In the Interest of A.L., 711 So.2d 600 (Fla. 2d DCA 1998). We are not persuaded by the Department’s assertion that the trial court’s default should stand because it was based on the mother’s failure to appear at a prior advisory hearing, rather than at the adjudicatory hearing. The mother’s court-appointed counsel was present at the advisory hearing and suggested that the mother may not have had the capacity to understand her obligation to appear in court. The trial court declined to enter a default and granted counsel’s request for a competency evaluation. We conclude that because the case then proceeded past the advisory hearing stage and on to the adjudicatory stage, the trial court was not authorized to enter a default.
Because the facts of this case do not support a termination based on the *964 mother’s failure to appear, we must consider whether the Department satisfied its burden of proving the allegations in the petition. In a termination case, the parent has no burden of proof, and the State, through the Department of Children and Families, must present clear and convincing evidence to support the termination. See In the Interest of S.S., 723 So.2d 344, 347 (Fla. 2d DCA 1998).
The only witnesses who presented testimony in the termination proceedings were the guardian ad litem and Ms. Kan-zlemar, the Department’s representative who had little independent knowledge of the case but who relayed information from the Department’s file. When the mother’s counsel twice objected to Ms. Kanzlemar’s testimony on hearsay grounds, the trial court overruled the objections but responded that it would not consider the testimony for the truth of the matter asserted. During the cross-examination of Ms. Kanzlemar, it was shown that the Department had not effectively communicated with the mother, that the mother had written letters to the Department that had not been answered, and that the Department had not facilitated visitation for the mother. We conclude that, on the record before us, there was insufficient competent evidence to support the trial court’s finding that the mother had abandoned the children or to support the court’s additional findings that tracked the allegations of the petition.
Accordingly, we reverse and remand for further proceedings. If the statutory requirements for termination are met after remand, the Department may proceed accordingly.
FULMER; A.C.J., and NORTHCUTT and CASANUEVA, JJ„ Concur.