FULMER, Judge.
M.T., the mother of C.R., M.R., A.S., M.S., M.S., and S.S., appeals a judgment that terminated her parental rights to her six children. She argues that the judgment must be reversed because the order of termination was based on her failure to appear at a “docket sounding”[1] notwithstanding the appearance of her attorney. We agree that the trial court was without authority to enter the default and, therefore, reverse. Our resolution of this issue makes it unnecessary for us to discuss the other three points raised on appeal.
Section 39.801(3)(d), Florida Statutes (2000), provides the trial court with authority to enter a default against a parent who fails to appear at either an advisory or adjudicatory hearing; however, the statute does not address the failure to appear at a “docket sounding” or scheduling conference. This court has previously reversed orders terminating parental rights which were entered based on defaults that were not specifically authorized by statute. See In the Interest of B.A., 745 So.2d 962 (Fla. 2d DCA 1999); In the Interest of A.L., 711 So.2d 600 (Fla. 2d DCA 1998). Accordingly, we reverse the order terminating parental rights and remand for further proceedings.
Reversed and remanded.
DAVIS and KELLY, JJ., Concur.

. What the trial court termed a "docket sounding” appears to have been a scheduling conference.