826 So.2d 1053 (2002)
C.R.K., Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D01-4800.
District Court of Appeal of Florida, Fourth District.
September 4, 2002.
Rehearing Denied October 16, 2002.
*1054 Victoria A. Vilchez, West Palm Beach, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
MAY, J.
The profound nature of an order terminating parental rights mandates strict adherence to statutory requirements. When a trial court fails to do so, a reversal is warranted. In this case, the trial court defaulted the mother at a calendar call when she failed to appear after having been given notice. We reverse as the mother was not given proper notice of the adjudicatory hearing terminating her parental rights.
The Department of Children and Families (D C & F) filed a petition for termination of parental rights and permanent commitment of the mother's three children. The petition alleged that she had failed to substantially comply with the case plan prior to the goal date of July 2, 2001. The petition further alleged that "further reunification efforts are without merit and not in the best interest of the children...."
The mother appeared at an advisory hearing on October 17, 2001. At that hearing, the mother signed a "court event form", which set a calendar call for November 2, 2001, at 9:00, and gave another date of December 12, 2001 at 9:00 a.m. The form further provided:

TERMINATION FAILURE TO PERSONALLY APPEAR AT THE ADVISORY HEARING CONSTITUTES CONSENT TO TERMINATION OF PARENTAL RIGHTS OF THE CHILD(REN). IF YOU FAIL TO PERSONALLY APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD(REN).
The mother signed the form.
On November 2, 2001, at 9:10 a.m., the trial court proceeded with the calendar call. The mother's attorney was present, but the mother was not. The trial court stated: "All right, then I'm going to grant the default."
The court then took testimony or the manifest best interest of the children. The attorney for the D C & F provided testimony that: (1) she was familiar with the children; (2) there was no suitable permanent custody arrangement with a relative; (3) the mother did not have the ability and disposition to provide the children with food, clothing, medical care and other material needs; (4) the mother did not have the capacity to parent the children where they would be safe physically, mentally and emotionally; and (5) the children had no present mental or physical needs. This testimony took the form of one "yes" and four "nos" to leading questions tracking statutory language. The worker testified that the children loved their mother and called her by her first name. They call their custodian "mama". She didn't believe that any harm would arise from terminating the mother's parental rights.
She advised the court that the children did want to return to their mother, but that she had been unable to provide for them for the last year and a half to two years. She further believed that the children had the ability to form a significant relationship with a parental substitute and had done so in their non-relative placements. They had been visiting with their mother twice a month. She opined that the mother had adequate time to complete her case plan, but had not done so. She believed that the guardian would recommend *1055 placing the children for adoption although no report had been filed.
Subsequently, the trial court entered an order terminating the parental rights of the mother. The order stated that the trial court had found by clear and convincing evidence that the mother had received notice of the calendar call/trial on October 17, 2001 and was instructed that her failure to appear constituted grounds of termination of parental rights in accordance with Section 39.801(3)(d). We find this order to be deficient for a number of reasons.
Rule 8.525(i) of the Florida Rules of Juvenile Procedure provides: "If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgement terminating parental rights ...." In this case, the evidence was not clear and convincing.
The trial court relied upon Section 39.801(3)(d), Florida Statutes (2001), as the basis for the termination. That section provides that "[i]f a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, ... then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights." (Emphasis added.) See also Fla. R. Juv. P. 8.525(d).
The trial court entered a default at a calendar call. A calendar call is not an adjudicatory hearing. The "court event form" included two dates and listed the event as a calendar call. It failed to indicate that either date was for an adjudicatory hearing even though two dates were listed. The notice was therefore inadequate. See In re C.R., 806 So.2d 646 (Fla. 2d DCA 2002) (reversing order terminating parental rights of mother where termination was based on mother's failure to appear at a "docket sounding"). And, we note that, while not statutorily required, the warning of potential consequences for failure to attend the hearing contained in the "court event form" refers only to the failure to attend an advisory hearing, not a calendar call or adjudicatory hearing.
Absent clear and convincing evidence that one of the enumerated grounds for termination of parental rights existed, the order terminating parental rights must be reversed. W.W. v. Dep't of Children and Families, 811 So.2d 791, 793 (Fla. 4th DCA 2002).
STONE, J., and JACOBUS, BRUCE, Associate Judge, concur.