BARFIELD, J.
B.M., the legal guardian of two minor children, appeals from a final order of dependency. We affirm all issues, commenting only on the contention that the trial judge erred by not informing B.M. of available services as required by section 39.502(15), Florida Statutes (2000).
B.M. is the legal guardian of D.M. and N.M. As such she is not a party as defined in section 39.01(51), but a participant as defined in section 39.01(50). It does not appear the legislature has extended the notice requirement of section 39.502(15) to participants such as B.M. Were we to massage other provisions of chapter 39, such as sections 39.01(33) and (49), to suggest that participants should have been included in section 39.502(15) and, therefore, were intended to be included, we would still find no reversible error.
This issue was not presented to the trial judge and, therefore, was not preserved for appellate review. As B.D. is not a parent of these children, there is no fundamental liberty interest of a parent involved in these proceedings. Even if it were determined that appellant is entitled to review on this issue, and that the trial judge should have advised appellant of available advocacy services, such omission would be harmless in this case. The court appointed counsel for appellant. She was under psychiatric care. She had been hospitalized under the Baker Act. She was found physically unable to care for the children. Appellant’s custodial rights were not terminated, but were suspended for a period of time during which she is to undertake a plan which would restore the children to her custodial care.
AFFIRMED.
WOLF, J., concurs; ERVIN, J., concurs and dissents with written opinion.