BENTON, J.
Simply because V.D.C. failed to attend a pretrial hearing-even though counsel did appear at the pretrial hearing in question on V.D.C.’s behalf, and even though V.D.C. had appeared personally at an earlier, advisory hearing — the trial court terminated her parental rights to her child, D.B. We reverse.
“[S]tate intervention to terminate parental rights must be accomplished by procedures meeting the requisites of due process.” J.B. v. Fla. Dep’t of Child. & Fam. Servs., 768 So.2d 1060, 1064 (Fla.2000). In proceedings to terminate parental rights, where a parent receives adequate notice of the necessity to attend either an advisory hearing or an adjudicatory hearing, section 39.801(3)(d), Florida Statutes (2004), provides:
If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
But section 39.801(3)(d) does not permit a court to “enter a consent” on account of a parent’s failure to appear at any hearing other than a properly noticed advisory or adjudicatory hearing.
Section 39.801(3)(d), Florida Statutes (2000), provides the trial court with authority to enter a default against a parent who fails to appear at either an advisory or adjudicatory hearing; however, the statute does not address the failure to appear at [any other pretrial hearing,] a “docket sounding” or scheduling conference. This court has previously reversed orders terminating parental rights which were entered based on defaults that were not specifically authorized by statute. See In the Interest of B.A., 745 So.2d 962 (Fla. 2d DCA 1999); In the Interest of A.L., 711 So.2d 600 (Fla. 2d DCA 1998).
In re C.R., 806 So.2d 646, 646 (Fla. 2d DCA 2002). “The profound nature of an order terminating parental rights mandates strict adherence to statutory requirements.” C.R.K. v. Dep’t of Child. & Fams., 826 So.2d 1053, 1054-55 (Fla. 4th DCA 2002) (reversing termination of parental rights based on failure to appear at *1195 a calendar call); see also In re C.R., 806 So.2d at 646 (reversing order which terminated mother’s parental rights for failure to appear at a scheduling conference).
In the final order under review, terminating V.D.C.’s parental rights to her minor child, D.B., without an adjudicatory hearing, the trial court accurately recounted the fact of V.D.C.’s appearance at the advisory hearing:
The mother, [V.D.C.], was properly noticed and served for the TPR advisory hearing. She appeared, was appointed counsel and entered a denial to the petition. At the dose of the advisory hearing, the court set a pre-trial hearing on the TPR petition and ordered the mother to appear at the pretrial court date or a consent would be entered. The mother did not appear at the pretrial hearing and the Court entered a Consent by Default upon the mother.
(Emphasis supplied.) The transcript of the advisory hearing does not, however, reflect that the learned trial judge either ordered appellant to appear at the pretrial hearing, or ordered that “a consent would be entered” if V.D.C. failed to appear.
At the pretrial hearing, V.D.C.’s counsel objected to any entry of “Consent by Default upon the mother.” Because, as the Department of Children and Family Services concedes, the trial court erred in terminating VD.C.’s parental rights to D.B., based on V.D.C.’s not having appeared personally at the pretrial hearing, the order on review is reversed.
Reversed.
WEBSTER and POLSTON, JJ., concur.