979 So.2d 1105 (2008)
O.R. and M.L., Appellants,
v.
DEPARTMENT OF CHILDREN & FAMILY SERVICES and Guardian Ad Litem Program, Appellees.
Nos. 3D07-1038, 3D07-1039.
District Court of Appeal of Florida, Third District.
April 9, 2008.
*1106 Karl E. Hall, Jr., Miami, for appellant O.R.; Joseph P. George, Jr., Criminal Conflict and Civil Regional Counsel, Third Region of Florida, by and through Richard F. Joyce, Executive Assistant Regional Counsel, for appellant M.L.
Karla Perkins; Hillary S. Kambour, for appellees.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
COPE, J.
The question presented by this dependency appeal is whether the trial court can enter a default against the defendant parents in the middle of the trial. We conclude that the answer is no, and remand for further proceedings.
The Department of Children & Family Services ("Department") filed a dependency petition against the father, O.R., and the mother, M.L., with respect to three minor children. The parents filed a denial and the case proceeded to trial. The parents were present for the first two days of the dependency trial, on November 16 and 17, 2006. The trial was scheduled to resume on January 24, 2007. The parents had been personally served with a summons to appear for that continued hearing date.
On January 24, the parents were not present. The court and the attorneys thought this was unusual because the parents had been present at all of the earlier proceedings. The attorneys did not know why the parents were not present, but moved for a continuance. The Department moved for a default.
The trial court denied the continuance and entered an order of dependency by reason of default. The order stated that the court's ruling was without prejudice to the parents to provide proof of an emergency which prevented their appearance at trial, in which case the order would be set aside. Thereafter the mother's counsel filed a motion to set aside the default dependency order, stating that she had traveled by automobile to New Jersey with the father and had car problems on the return trip. She stated that she did not have an independent means of traveling to court in time for the hearing. The trial court denied the motion. The parties timely appealed the dependency orders.
From a technical standpoint, the term "default" does not appear in the dependency statute. See Nickerson v. Dep't of Children & Families, 718 So.2d 373, 374 (Fla. 3d DCA 1998). The statute does, however, contain the functional equivalent. In two situations, the failure of a defendant to appear can be deemed to be a consent to a dependency adjudication. See § 39.506(3), Fla. Stat. (2006).
First, "[f]ailure of a person served with notice to personally appear at the arraignment hearing constitutes the person's consent to a dependency adjudication." Id. *1107 For this procedure to be available, the notice to appear must contain a statutory warning. Id.[*]; see Fla. R. Juv. P. 8.225(c)(1).
Second, if a person appears at the arraignment hearing and the court orders that person to appear personally at the adjudicatory hearing for dependency (giving the date, time, and place), "then that person's failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication." § 39.506(3), Fla. Stat. (2006); see also Fla. R. Juv. P. 8.330(c).
Neither of the two statutory situations occurred in this case. The parents entered a written plea, so no arraignment hearing was held. Since there was no arraignment hearing, there was no court order for the parents to appear at the adjudicatory hearing. And, as already stated, the parents did appear at the first two trial days.
The Department argues that a summons was issued requiring the parents to appear personally for the third trial day. The Department asks us to expand the consent statute to say that the parents must be deemed to have consented to the dependency adjudication where they failed to obey the summons and failed to appear for the third trial day.
Florida's long standing public policy favors adjudication of disputes on the merits, see T.B. v. Dep't of Children & Family Servs., 920 So.2d 170, 173 (Fla. 2d DCA 2006), and we decline the Department's invitation to extend the statute beyond its plain words. The statute says nothing about imposing a consent where a parent appears for the initial trial day and then fails to appear on a subsequent day. As this court stated in Nickerson, "In the absence of any statute or rule allowing for the entry of defaults in these types of proceedings, we conclude that the trial court had no authority to enter a default judgment. . . ." Id. (citing In re A.L., 711 So.2d 600 (Fla. 2d DCA 1998)) (reversing default adjudication entered without authority); In re M.M., 708 So.2d 990 (Fla. 2d DCA 1998) (same); see also N.L. v. Dep't of Children & Family Servs., 960 So.2d 810, 812-13 (Fla. 3d DCA 2007) (failing to appear at a filing hearing could not be treated as consent to dependency order where statute did not authorize such procedure).
In other civil matters, the failure of a defending party to appear at trial is not a basis for imposition of a default. See Turner Props., Inc. v. Marchetta, 607 So.2d 506, 507 (Fla. 3d DCA 1992). There is no reason to believe that, in drafting the statute as it did, the Legislature intended to treat dependency matters any differently.
While a default was not authorized in the circumstances of this case, that is *1108 not to say that the trial needed to be stopped. When a defending parent fails to appear, but a consent adjudication is not authorized, the trial court has two choices: "(1) to proceed with the hearing by accepting testimony and evidence from those present, as well as argument of counsel, or (2) to continue the hearing." In re A.L., 711 So.2d at 601 (footnote omitted). To be sure, we all agree that public policy favors speedy determinations in dependency cases, where a child's immediate and future well-being is at stake. And, as between the two alternatives outlined in A.L., the better practice when a defending parent becomes absent midtrial is not to delay trial but to proceed with the hearing, accept testimony and evidence, hear argument of counsel, and resolve the matter as expeditiously as possible. This allows the court to avoid delay, parental or otherwise, in attending to the immediate needs of the child or children.
While the defense attorneys in this case moved for a continuance, they were unable to articulate any good cause for delaying the trial. The motion for continuance was properly denied. The Department should have proceeded with the presentation of its case, rather than seeking a default.
Because the default was unauthorized, we reverse the dependency adjudications as to both parents, and remand for a new trial.
Reversed and remanded for further proceedings consistent herewith.
SUAREZ, J., concurs.
GERSTEN, C.J. (concurring in result only).
I respectfully disagree with the majority's conclusion that a trial court cannot enter a consent by default against parents who fail to appear, after proper notice, in the middle of an adjudicatory hearing on dependency. Because the parents here can move to set aside the dependency adjudications, I concur in remanding to the trial court for further proceedings.
The Department of Children and Family Services ("the Department") filed a dependency petition against the father, O.R., and the mother, M.L., concerning their three minor children. The parents appeared with court-appointed counsel and entered their denial to the petition. The parents' denial supplanted a formal arraignment hearing.
The case proceeded to an adjudicatory hearing on November 16, 2006, which continued to the next day. The parents were present both days. The Department did not finish presenting its case, and the hearing was continued again. Ultimately, the case was reset, and the parents were given written notice to appear on January 24, 2007. The written notice advised the parents that "failure to respond to this notice or appear at this hearing constitutes consent to an adjudication of the child(ren) as dependent."
On January 24, 2007, counsel for both parents appeared, but the parents did not. The parents' counsel moved for a continuance. However, the trial court denied the motion because the attorneys could not explain their clients' failure to appear.
The trial court granted the Department's motion for consent by default without prejudice. Thus, the parents were given the opportunity to explain the reason for their failure to appear on a subsequent motion to set aside the adjudicatory orders.[1]
*1109 Both the statute and rule implicitly authorize entering a consent to dependency where parents do not appear for an adjudicatory hearing after proper notice. The controlling statute, which is our polestar, is subsection 39.506(3), Florida Statutes (2006). The controlling rule, which is our corollary polestar, is Florida Rule of Juvenile Procedure 8.330(c). Subsection 39.506(3) and rule 8.330(c) state:
If a person appears for the arraignment hearing and the court orders that person to personally appear at the adjudicatory hearing for dependency, stating the date, time, and place of the adjudicatory hearing, then that person's failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.
A consent by default provision appears in multiple places in the statutes and rules governing dependency and termination of parental rights cases. §§ 39.506(3), 39.801(3)(d), Fla. Stat. (2007); Fla. R. Juv. P. 8.330(c), 8.505(b), 8.510(a)(3), 8.525(d). Thus, the provision is an important part of the statutory framework for these proceedings.
I believe that courts must honor the legislative intent and policy behind a statute. See Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099 (Fla. 1989). Therefore, I am troubled by the majority's interpretation which restricts application of the consent by default provision here. Recent cases demonstrate the clear legislative intent and policy behind the consent by default provision.
In J.B. v. Florida Department of Children and Family Services, 768 So.2d 1060, 1065-66 (Fla.2000), the Florida Supreme Court noted that the intent behind the provision was to "swiftly move[ ] these cases toward resolution, while at the same time guarding the rights and liberties of the parties involved." As the Court indicated, "[t]his provision is necessary to ensure that the object of the petition is not defeated by the parent's neglect of the proceedings. It enables the trial court to bring a . . . case to conclusion even if the parent has chosen not to participate." 768 So.2d at 1067.
Allowing a trial court to enter a consent by default where a parent fails to appear for a continued hearing, after proper notice, comports with the legislative intent. The trial court can proceed to a timely adjudication regardless of the parental neglect. See, e.g., J.B. v. Dep't of Children & Family Servs., 33 Fla. L. Weekly D159, ___ So.2d ____, 2008 WL 53546 (Fla. 2d DCA Jan. 4, 2008).
A.J. v. Department of Children & Families, 845 So.2d 973 (Fla. 4th DCA 2003), also involved a multi-day dependency case. In A.J., the parents appeared for the first two days of trial and were notified to return for a third day. When the parents did not appear, the trial court entered a dependency order based on the consent by default provision. The Court rejected the parents' contention that they were not adequately notified prior to default under the statute and rule. 845 So.2d at 976.
The majority relies on civil cases to negate the statute and rule. In a garden variety civil case, public policy favors adjudicating disputes on the merits, rather than by default. These cases are routinely handled by multi-member law firms, and three years of litigation is not uncommon. *1110 The nitty gritty world of juvenile court, however, is nothing like civil court.
Termination and dependency cases involve very different policy considerations. As the Court recognized in J.B.:
[U]nwarranted delay is an evil that should be avoided in termination of parental rights proceedings. As a result of the backlog inherent in termination cases, many children are left in legal limbo as their custody status is argued in the courts. Additionally, these proceedings place a tremendous cost and hardship on the State. In response, the Legislature has attempted to resolve this monumental burden by enacting legislation which swiftly moves these cases toward resolution, while at the same time guarding the rights and liberties of the parties involved.
768 So.2d at 1065-66 (citation omitted).
Undoubtedly, public policy favors speedy determinations in termination and dependency cases. Although attentive to parental rights, the juvenile trial court does not mollycoddle the parents. The parents are not given the opportunity to stall the proceedings at will. After all, a child's well-being and life hangs on the balance. Each day that passes without a final court determination is detrimental to the child's welfare.
For this reason, I would affirm the trial court's dependency adjudications. Nothing in the language of the statute and rule prohibits entering a consent by default in the middle of an adjudicatory hearing where the parents fail to appear after proper notice.
Because these parents attended all previously scheduled hearings, the wise trial court entered the dependency adjudications without prejudice. This gave the parents an opportunity to explain the reason for their failure to appear upon filing a subsequent motion to set aside the orders. See, e.g., E.S. v. Dep't of Children & Family Servs., 878 So.2d 493 (Fla. 3d DCA 2004); A.J., 845 So.2d at 976.
Accordingly, I would affirm the dependency adjudications entered against O.R. and M.L. I concur with the majority's result, remanding the case to the trial court for further proceedings. However, instead of remanding for a new trial, I would instruct the trial court to allow the parents to file properly verified motions to set aside the defaults.
NOTES
[*] Subsection 39.506(3), Florida Statutes (2006), provides:

(3) Failure of a person served with notice to personally appear at the arraignment hearing constitutes the person's consent to a dependency adjudication. The document containing the notice to respond or appear must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN)." If a person appears for the arraignment hearing and the court orders that person to personally appear at the adjudicatory hearing for dependency, stating the date, time, and place of the adjudicatory hearing, then that person's failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.
[1] The father appealed directly from the adjudicatory order entered against him. The mother initially moved to set aside the adjudicatory order entered against her. However, before the trial court ruled on the motion, the mother filed a notice of appeal to this Court. The filing of the notice of appeal invoked this Court's jurisdiction. See Ferrara v. Belcher Indus., Inc., 483 So.2d 477 (Fla. 3d DCA 1986). Therefore, although the trial court subsequently ruled on the mother's motion, it did not have jurisdiction to consider the motion.