PER CURIAM.
 

 W.S. and G.S., Appellants, appeal an order adjudicating their child, C.S., dependent. They contend that the trial court relied on inadmissible hearsay to support its finding that C.S. was dependent. The Department of Children and Families (“the Department”) and the Guardian ad Litem Program appropriately concede error. Because the trial court relied largely on inadmissible hearsay to determine that C.S. was dependent, we reverse and remand for further proceedings.
 

 Below, the Department sought an adjudication of dependency as to C.S. based on allegations that Appellants had physically abused C.S. and another child, H.K., and that they had inflicted a bizarre method of punishment on H.K. At the adjudicatory hearing, over Appellants’ standing objection, the Department elicited hearsay testimony to substantiate these allegations. Most of the Department’s evidence consisted of the testimony of an investigator with the Child Protection Team. The investigator’s testimony consisted mostly of hearsay statements of H.K. and other foster children who were under Appellants’ care. The investigator did not personally observe any of the abuse she reported, and no witnesses testified to observing the physical abuse.
 

 In its order adjudicating C.S. dependent, the trial court relied entirely on the investigator’s hearsay testimony to find that C.S. had been physically abused. The court also relied partly on hearsay to find that H.K. had been subjected to an improper and humiliating form of punishment. Based on these findings, the court found a probability of prospective abuse against C.S., necessitating an adjudication of dependency.
 

 The rules of evidence applicable in civil cases also apply in adjudicatory hear
 
 *434
 
 ings under Chapter 39. § 39.507(l)(b), Fla. Stat. (2009). Thus, hearsay is inadmissible unless it is admitted pursuant to an exception to the hearsay rule.
 
 See
 
 § 90.802, Fla. Stat. (2009). Where an adjudication of dependency is based entirely on inadmissible hearsay, or where the trial court relies heavily on inadmissible hearsay, it must be reversed.
 
 See In the Interest of S.J.T.,
 
 475 So.2d 951, 953-54 (Fla. 1st DCA 1985) (reversing and remanding for further proceedings where the trial court necessarily relied on inadmissible hearsay to find a child dependent);
 
 M.S. v. Dep’t of Children & Families,
 
 6 So.3d 102, 105 (Fla. 4th DCA 2009) (reversing and remanding for a new hearing where the trial court relied heavily on hearsay, and this error could not be deemed harmless).
 

 Here, the trial court relied almost entirely on inadmissible hearsay to support its finding that C.S. was dependent, thus committing reversible error. On this record, we cannot say that there is no reasonable possibility that this error contributed to the finding of dependency.
 
 C.A. v. Dep’t of Children & Families,
 
 958 So.2d 554, 556 (Fla. 4th DCA 2007) (noting the harmless error test). Therefore, we reverse and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED for further proceedings.
 

 KAHN, LEWIS, and CLARK, JJ., concur.