DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.V.,** the Father**,**
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D15-3445

[March 2, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael Heisey, Judge; L.T. Case No. 562013DP000050.

Richard F. Joyce of Law Office of Richard F. Joyce, P.A., Miami, for appellant.

Rosemarie Farrell of Children's Legal Services, Orlando, for Department of Children and Families.

Laura J. Lee, Sanford, for Guardian ad Litem Program.

MAY, J.

A father appeals an order terminating his parental rights. He argues the trial court erred in three respects: (1) terminating his parental rights by implied consent when he failed to attend one of the adjudicatory hearings on the petition; (2) failing to advise him of his right to counsel at the manifest best interests hearing; and (3) denying his motion for rehearing. We agree with him on the second issue and reverse and remand the case to the trial court.

"The right to counsel in termination of parental rights cases is part of the process designed to ensure that the final result is reliably correct," and a court's failure to advise a parent of that right is a violation of due process. *See J.B. v. Fla. Dep't of Children & Family Servs.*, 768 So. 2d 1060, 1068 (Fla. 2000).

Pursuant to section 39.013, Florida Statutes (2015):

(9)(a) *At each stage of the proceedings under this chapter, the court shall advise the parents of the right to counsel.* The court shall appoint counsel for indigent parents. The court shall ascertain whether the right to counsel is understood. When right to counsel is waived, the court shall determine whether the waiver is knowing and intelligent. *The court shall enter its findings in writing with respect to the appointment or waiver of counsel for indigent parents or the waiver of counsel by nonindigent parents.*

(b) *Once counsel has entered an appearance or been appointed by the court to represent the parent of the child, the attorney shall continue to represent the parent throughout the proceedings.* If the attorney-client relationship is discontinued, the court shall advise the parent of the right to have new counsel retained or appointed for the remainder of the proceedings.

§ 39.013(9)(a)–(b), Fla. Stat. (emphasis added); *see* Fla. R. Juv. P. 8.320(a).

"'The profound nature of an order terminating parental rights mandates strict adherence to statutory requirements.'" *V.D.C. v. Dep't of Children & Family Servs.*, 899 So. 2d 1193, 1194 (Fla. 1st DCA 2005) (quoting *C.R.K. v. Dep't of Children & Families*, 826 So. 2d 1053, 1054–55 (Fla. 4th DCA 2002)). And, "state intervention to terminate parental rights must be accomplished by procedures meeting the requisites of due process." *J.B.*, 768 So. 2d at 1064.

In a similar, but not identical, situation, the Second District reversed an order terminating parental rights.

We conclude that by proceeding with an evidentiary hearing in the absence of the Mother's counsel and without determining whether the Mother knowingly and intelligently waived her right to counsel, the trial court committed reversible error and the termination order must be reversed. The procedure followed by the trial court failed to satisfy the due process requirement that meaningful assistance of counsel be provided to the Mother.

*In re L.N.*, 814 So. 2d 1142, 1144 (Fla. 2d DCA 2002).

Here, the trial court appointed counsel who represented the father at several hearings. But, counsel did not appear at the manifest best

2

interests hearing. Counsel had apparently emailed the court indicating he had nothing more to contribute and asked that his appearance be waived. Those present at the hearing indicated they had seen the email. The court then proceeded with the hearing without the father or his counsel.

After the court received evidence, heard argument, and made findings on the termination of parental rights, least restrictive means, and manifest best interests of the minor children, the father appeared. When the father asked the court a few questions, the court responded that he would have to contact his attorney and discuss the issue with him. Yet, the court never advised the father of his statutory and constitutional right to counsel—a right the father never waived.

This error requires reversal of the order terminating the father's parental rights. The case is remanded to the trial court for further proceedings where the father is properly advised of his right to counsel.

*Reversed and Remanded.*

DAMOORGIAN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3