# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-320
Lower Tribunal No. 15-16071
_____

**J.C.O., The Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.

Karla Perkins, for appellee Department of Children and Families; Laura J. Lee (Sanford), for appellee Guardian ad Litem Program.

Before SHEPHERD, LAGOA, and LOGUE, JJ.

LOGUE, J.

The father, J.C.O., seeks review of the trial court's order adjudicating his minor child dependent. The father, who resides in Nicaragua, argues that he was not properly served. He also argues that the trial court committed reversible error by continuing to conduct the dependency hearing after having the father's trial counsel escorted from the courtroom. We agree and reverse.

The Department of Children and Families attempted to serve the father with a summons, verified petition for dependency, and notice of hearing using a private delivery company, Federal Express. Although it was anticipated that the father would appear telephonically at the dependency hearing, he did not. At the hearing, the Department asked the court to enter a default against the father for his failure to appear at the hearing despite having been served with the summons and petition. The court stated that it would enter a default if the Department could show proof of service.

The Department provided the court with a delivery receipt from Federal Express to prove the father was served. But the name on the receipt differed somewhat from the name of the father. The trial court stated that it would "take testimony from the Case Manager and default the dad on service, if I hear that she spoke to dad on service and based on the document in front of me." The Case Manager, however, did not directly and clearly testify that she heard the father admit to receiving service. The Case Manager's testimony on this point is, at best,

ambiguous. In fact, the transcript seems to indicate that the father told the Diligent Search Specialist, who, in turn, told the Case Manager, who then testified in court.

After what appears on the record to be multiple times of improperly interrupting the trial court in objecting to this testimony, the father's trial counsel[1] was escorted out of the court room. After the father's counsel was removed from the courtroom, the court heard further argument from the Department, and the child was found dependent as to the father.[2]

Under Florida law, "[t]he rules of evidence applicable in civil cases also apply in adjudicatory hearings under Chapter 39." W.S. ex rel. C.S. v. Dep't of Children & Families, 41 So. 3d 433, 434 (Fla. 1st DCA 2010). Had the Case Manager squarely testified that she heard the father admit that he had received the Federal Express package, the father's statement would have been hearsay, but still admissible as an admission against interest under section 90.803(18)(a), Florida Statutes (2015). The Case Manager, however, did not squarely testify to this fact. Instead, based upon the confused transcript before us, she appears to testify that the father admitted he had been served to the Diligent Case Manager who then told the Case Manager who testified in court. This testimony was inadmissible hearsay. See

_____

[1] The father's appellate counsel, who has a well-deserved reputation as an advocate who is both zealous on behalf of his client and courteous to court and opposing counsel, was not trial counsel.

[2] The minor child has also been found dependent as to his mother.

§ 90.801(c), Fla. Stat. (2015) ("'Hearsay' is a statement, other than one by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); § 90.802 Fla. Stat. (2015) ("Except as provided by statute, hearsay evidence is inadmissible."). We must therefore reverse. See W.S., 41 So. 3d at 434 ("Where an adjudication of dependency is based entirely on inadmissible hearsay, or where the trial court necessarily relied on inadmissible hearsay, it must be reversed.").

Additionally, after having the father's trial counsel removed from the courtroom, the trial court continued to hear argument from the Department on the service issue. This is an independent ground for reversal. See D.V. v. Dep't of Children & Families, 186 So. 3d 1101 (Fla. 4th DCA 2016); see also J.B. v. Fla. Dep't of Children & Families, 170 So. 3d 780, 789 (Fla. 2015) ("Under Florida statutory law, parents have a right to counsel in both dependency and TPR proceedings."). We commend the Guardian Ad Litem for properly confessing error on this issue. We further note, however, that the father's trial counsel was escorted out of the courtroom after continually interrupting the court and speaking out of turn, and after several warnings were given by the court. Our decision here neither condones nor excuses counsel's behavior, but we nevertheless acknowledge the importance of the right to counsel during proceedings of this nature.

Reversed and remanded for further proceedings.

4