NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of Dk.C., Ds.C., and Dv.C., children.

S.C.,

        Appellant,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and GUARDIAN AD LITEM PROGRAM,

        Appellees.

Case No. 2D18-4432

Opinion filed June 21, 2019.

Appeal from the Circuit Court for Hillsborough County; Kim Hernandez Vance, Judge.

Norman A. Palumbo, Jr., Tampa, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Mary Soorus, Assistant Attorney General, Tampa, for Appellee Department of Children and Families.

Thomasina Moore, Statewide Director of Appeals, and Joanna Summers Brunell, Appellate Counsel, Tallahassee, for Appellee Guardian ad Litem Program.

ATKINSON, Judge

S.C. (the Father) appeals a final order terminating his parental rights to his children, Dk.C, Ds.C., and Dv.C.[1] We accept the Department of Children and Families' concession that the trial court erred in terminating the Father's parental rights based on failure to personally appear at an adjudicatory hearing under section 39.801(3)(d), Florida Statutes (2018).[2] Section 39.801(3)(d) provides the following:

> If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.

The Father appeared at an advisory hearing and was told that he must appear in person at an adjudicatory hearing on a petition to terminate his parental rights on July 23, 2018, or his parental rights might be terminated. Three days before the scheduled adjudicatory hearing, however, counsel for the parties appeared at a hearing without the parents and requested that the trial court continue the adjudicatory hearing. The trial court granted the continuance and rescheduled the adjudicatory hearing to August 22, 2018. The trial court stated, "On Monday[, July 23], we'll let the parents

---

[1]The order also terminated the Mother's parental rights to the Father's three children and to a fourth child, J.M., who is not the Father's child. The parental rights of J.M.'s biological father were also terminated. The Mother's and J.M.'s biological father's parental rights are not before us in this proceeding. We note that grounds for single parent termination existed for the Mother.

[2]The Guardian ad Litem Program (GALP) filed an answer brief disagreeing with the Department's concession of error and asking that we affirm the order terminating the Father's parental rights. In the face of the plain language of section 39.801(3)(d), we find the GALP's arguments unavailing.

know the new trial date." The Father failed to appear on July 23, 2018, and the trial court entered a consent by nonappearance under section 39.801(3)(d) over the Father's counsel's objection. Thereafter, the trial court entered a written order terminating the Father's parental rights based upon his constructive consent.

While the Father did fail to show up in court on July 23, 2018, the adjudicatory hearing was no longer scheduled for that day. "[S]ection 39.801(3)(d) does not permit a court to 'enter a consent' on account of a parent's failure to appear at any hearing other than a properly noticed advisory or adjudicatory hearing." V.D.C. v. Dep't of Children & Family Servs., 899 So. 2d 1193, 1194 (Fla. 1st DCA 2005). The trial court—and the GALP on appeal—understandably emphasized that the Father was unaware that the adjudicatory hearing date had changed because his attorney had been unable to notify him of the continuance. However, the statute only allows the trial court to deem a parent to have consented if the parent actually failed to "appear at the adjudicatory hearing," not if he failed to appear at a time he had been told there would be one.

Because the Father had not failed to appear at an adjudicatory hearing when the trial court entered the consent by nonappearance, the trial court erred when it terminated his parental rights. Accordingly, we reverse the trial court's order to the extent that it terminates the Father's parental rights and remand for further proceedings.

Reversed in part and remanded.


SILBERMAN and BADALAMENTI, JJ., Concur.

- 3 -