# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

In the Interest of K.M., minor child.

DEPARTMENT OF CHILDREN AND FAMILIES, and STATEWIDE
GUARDIAN AD LITEM OFFICE,

Petitioners,

v.

J.B., maternal great aunt of K.M.,

Respondent.

No. 2D23-1796
_____

February 28, 2024

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Daryl Manning, Judge.

Mary Soorus of Children's Legal Services, Tampa, for Petitioner
Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Stephanie E.
Novenario, Senior Attorney, Statewide Guardian ad Litem Office,
Tallahassee, for Petitioner Statewide Guardian ad Litem Office.

Ama N. Appiah of Law Office of Ama N. Appiah, P.A., St. Petersburg, for
Respondent J.B., maternal great aunt of K.M.


ATKINSON, Judge.

     The Department of Children and Families filed a petition for writ of

certiorari, in which the Statewide Guardian ad Litem Office (GAL) has

joined, requesting that this court quash the circuit court's order granting the respondent J.B.'s motions to intervene as a party in the dependency proceedings of her grandnephew K.M. The Department correctly contends that chapter 39, Florida Statutes, and the Florida Rules of Juvenile Procedure preclude J.B. from intervening as a party in such proceedings and that the order causes irreparable harm.

## BACKGROUND

The circuit court terminated the parental rights of the child K.M's mother and unknown father on February 26, 2020. The court subsequently ordered that the child be "permanently committed to the Department for the purpose of adoption."

Respondent J.B. is the child's maternal great aunt and resides in Georgia. J.B. filed a "verified relative's motion to intervene and for relative placement." The circuit court held a nonevidentiary hearing on J.B.'s motion and later entered a written order denying J.B.'s motion for relative placement, holding that J.B. would not be "granted status as a party to the[] proceedings at th[at] time" but granting J.B.'s motion to intervene such that J.B. was "deemed a participant in these proceedings."

Subsequently, J.B. filed an amended motion to intervene as an interested party and for relative placement. This time J.B. explicitly moved to intervene as a "party" to, and not merely as a "participant" in, the proceedings. After a hearing, the court granted J.B.'s motion to intervene and for relative placement "to the extent that" J.B. received "party status in th[e] case." The court recognized that chapter 39 defines both who is a "participant" and who is a "party." Principally relying on *T.R.-B. v. Department of Children & Families*, 335 So. 3d 729 (Fla. 3d DCA 2022), however, the court concluded that "granting [J.B.] party status

2

[wa]s not only appropriate, but essential" because J.B. would "gain or lose by the direct legal operation and effect of the judgment" in "the post-termination placement of the child and his subsequent adoption" because J.B. is "a relative of the child who not only seeks placement, but also adoption."

On August 23, 2023, the Department filed its petition for writ of certiorari. Then, on August 28, 2023, J.B. filed a petition to adopt the child.

## ANALYSIS

The order granting J.B.'s motion to intervene as a party is reviewable by certiorari. *See J.P. v. Dep't of Child. & Fam. Servs.*, 12 So. 3d 253, 254 (Fla. 2d DCA 2009) ("A petition for writ of certiorari is appropriate to review an order granting a grandparent's motion to intervene as a party in a dependency proceeding."). "Certiorari jurisdiction requires that the party seeking relief demonstrate 'that an interlocutory order creates material harm irreparable by postjudgment appeal.' Upon such a showing, the court then 'has power to determine whether the order departs from the essential requirements of the law.' " *Heart of Adoptions, Inc. v. Dep't of Child. & Fams.*, 371 So. 3d 975, 981 (Fla. 2d DCA 2023) (citation omitted) (quoting *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649 (Fla. 2d DCA 1995)). The petitioners in this case have established that the order on review both departed from the essential requirements of the law and would cause material and irreparable harm.

## I.

The Department and GAL are correct that "the circuit court's order may reasonably cause material injury of an irreparable nature." *See J.P.*, 12 So. 3d at 254. Erroneously granting a participant's motion to

3

intervene as a party could result in statutorily unauthorized interference with "the actions deemed necessary by the Department to prevent risk to the child while the dependency case is pending." *J.L. v. G.M.*, 687 So. 2d 977, 977 (Fla. 4th DCA 1997); *accord Statewide Guardian Ad Litem Office v. J.B.*, 361 So. 3d 419, 422 (Fla. 1st DCA 2023). Contrary to J.B.'s argument on appeal, that injury may occur even when, as here, the issue arises in dependency proceedings occurring after the termination of parental rights. *See Dep't of Child. & Fams. v. S.T.*, 353 So. 3d 1246, 1247 (Fla. 5th DCA 2022) ("[W]e have recognized in a post-termination matter, a 'petition for writ of certiorari is appropriate to review an order granting a participant's motion to intervene as a party in a dependency proceeding,' and '[t]he jurisdictional requirements for certiorari review are met because the erroneous granting of a participant's motion to intervene as a party "may reasonably cause material injury of an irreparable nature." ' " (second alteration in original) (quoting *Chew v. Roberts*, 122 So. 3d 493, 496 (Fla. 5th DCA 2013))). As such, this court has certiorari jurisdiction to determine whether the court departed from the essential requirements of the law.

**II.**

The Department and GAL correctly argue that the circuit court "departed from the essential requirements of the law by allowing [a] person[] who do[es] not fall within the definition of [a] 'part[y]' to intervene." *See J.L.*, 687 So. 2d at 977–78. "Dependency proceedings are governed by [c]hapter 39, Florida Statutes, and Florida Rules of Juvenile Procedure." *S.T.*, 353 So. 3d at 1247; *see also* § 39.013; Fla. R. Juv. P. 8.000. The statute and rule "limit[] the parties to a juvenile proceeding." *See J.L.*, 687 So. 2d at 977. Other interested persons are

4

designated as "participants" and are accorded "lesser rights."  *K.N. v. Dep't of Child. & Fams.*, 359 So. 3d 741, 743 (Fla. 4th DCA 2023).

J.B.'s status as a maternal great aunt pursuing the adoption of the child does not place her in the statutory category of a "party."  Chapter 39 and the Florida Rules of Juvenile Procedure define a "party" as "the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child."  § 39.01(58), Fla. Stat. (2023); *see also* Fla. R. Juv. P. 8.210(a) ("For the purpose of these rules the terms 'party' and 'parties' shall include the petitioner, the child, the parent(s) of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed.").  As this court has previously held, interested persons not listed in the statute cannot be entitled to party status under its language.  *See J.P.,* 12 So. 3d 254 ("The plain language of the statute does not include grandparents within the definition of a party."); *see also S.T.,* 353 So. 3d at 1247 ("These definitions do not include any language that would support the trial court's decision to allow either [the paternal aunt or the paternal grandfather] to intervene as a party in this case.").  Rather, such persons may be "participants."  *Compare* § 39.01(58); *and* Fla. R. Juv. P. 8.210(a), *with* § 39.01(57); *and* Fla. R. Juv. P. 8.210(b).  *See, e.g., B.M. v. Dep't of Child. & Fams.*, 842 So. 2d 936, 937 (Fla. 1st DCA 2003) ("B.M. is the legal guardian of D.M. and N.M.  As such she is not a party as defined in section 39.01(51), [Florida Statutes (2000),] but a participant as defined in section 39.01(50).").  J.B. is merely a nonparental relative who is evidently seeking to adopt the child.  Those characteristics do not make J.B. a "party" to the proceedings.  *See Statewide Guardian ad Litem Office v. S.O.*, 361 So. 3d 433, 434 (Fla. 5th

DCA 2023) (quashing the trial court order granting a child's maternal grandmother's petition to intervene as a party in the dependency proceeding).

J.B. asserts on appeal that she is a "petitioner," and therefore a "party" under section 39.01(58) and Florida Rule of Juvenile Procedure 8.210(a), in the dependency proceeding simply because she filed a petition to adopt the child. Even presuming for the sake of analysis that J.B. had already filed her petition for adoption at the time of the trial court's ruling, her argument is unavailing. Section 39.01(58) includes "the petitioner" among those that meet the definition of "Party." However, being the petitioner in her adoption proceeding does not make J.B. the petitioner in the dependency proceeding in which she sought intervention as a party. The context and language of the statutory definition of "Party"—which uses the definite article "the" to indicate which "petitioner" is included in the definition—indicates that the only individual who is a party to an action by virtue of being a petitioner is one who is the petitioner in *that* action.

> We conclude the language of the statute and rule do not contemplate that a petitioner is a party to all the proceedings arising out of another petition simply by filing her own petition. Section 39.01(58) and rule 8.210(a) define a "party" as including "*the* petitioner." The use of the definitive article defines the noun "petitioner." Because each petition filed has a different petitioner, the petitioner is a party only to proceedings arising out of her own petition.

*M.K. v. Dep't of Child. & Fams.*, 49 Fla. L. Weekly D14 (Fla. 4th DCA Dec. 20, 2023) (answering in the negative the question "whether a person who files a petition for termination of parental rights is a 'party' to another petition filed by a different person or agency or to the dependency proceeding arising out of the other petition").

6

We also agree with the Department and GAL that the circuit court misplaced its reliance on *T.R.-B.*, 335 So. 3d at 735, to reach the erroneous conclusion that a "non-party" can "intervene as a party" in chapter 39 proceedings. In *T.R.-B.*, the Third District held that under the Florida Rule of Civil Procedure 1.230 and *I.B. v. Department of Children & Families*, 876 So. 2d 581, 584 (Fla. 5th DCA 2004), a maternal grandmother of a child—who was the child's custodian and who had filed a petition to adopt the child—could intervene as a party in the child's dependency proceedings because she would "directly gain or lose by the trial court's denial of her motion to intervene." *T.R.-B.*, 335 So. 3d at 730–38. Respectfully, we disagree.

"All chapter 39 dependency proceedings are governed by the Florida Rules of Juvenile Procedure." *K.N.*, 359 So. 3d at 743. The "rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure." *In re Amends. to Fla. Rules of Juv. Proc.*, 608 So. 2d 478, 480 (Fla. 1992) (noting the removal of "[r]eference to the civil rules, previously found in rule 8.200," from the Florida Rules of Juvenile Procedure, which govern dependency proceedings). Therefore, in chapter 39 proceedings, courts may not look to the Florida Rules of Civil Procedure or to the Florida Family Law Rules of Procedure for procedural rights not provided for by the Florida Rules of Juvenile Procedure. *Cf. Nickerson v. Dep't of Child. & Fams.*, 718 So. 2d 373, 374 (Fla. 3d DCA 1998) ("When the Supreme Court eliminated reference to the civil rules, it was undoubtedly aware that the rules governing dependency and termination of parental rights proceedings did not provide for defaults. As it chose not to amend these rules to provide for same, it seems clear that the Court has chosen not to provide for defaults in this area."). "Accordingly, the liberal

7

intervention standard of Florida Rule of Civil Procedure 1.230 does not apply in dependency proceedings." *K.N.*, 359 So. 3d at 743.

Chapter 39 and the Florida Rues of Juvenile Procedure do not allow the court to add any parties to a dependency hearing that are not delineated in the statutory definition of the term *party*. The court may "add additional participants," including "any . . . person whose participation may be in the best interest of the child." Fla. R. Juv. P. 8.210(b); *see also* § 39.01(57). But there is no similar mechanism to add "parties." Fla. R. Juv. P. 8.210(a); § 39.01(58); *see also M.K.*, 49 Fla. L. Weekly D14 ("[T]he rules permit the trial court to add participants, but do not allow the trial court to add parties."). Therefore, the circuit court departed from the essential requirements of the law when it added J.B. as a party under the test applied in *T.R.-B.* We grant the Department's petition for writ of certiorari and quash the circuit court's order granting J.B.'s motion to intervene as a party in the underlying dependency proceeding.

Petition granted and order quashed.

SLEET, C.J., and KELLY, J., Concur.

———————————————

Opinion subject to revision prior to official publication.